THE STATE OF GEORGIA, plaintiff in error, vs. JOSEPH CARS-WELL, claimant, defendant in error.

A recognizance to appear to answer to a criminal charge, does not bind the lands, or other property, of the cognizor, until the recognizance has been forfeited and reduced to judgment.

Claim, from Marion Superior Court. Tried before Judge WORRILL, at September Term, 1857.

A *fieri facias* issued upon a forfeited recognizance, at the suit of the State of Georgia against Jordan Davis and William Davis, was levied upon a lot of land as the property of said Jordan. Joseph Carswell interposed a claim to said land, which was returned by the Sheriff to be tried and determined as provided by statute.

The parties submitted the case upon the following agreed statement of facts:

That William Davis was charged with having committed an offence or misdemeanor in the county of Muscogee, and entered into recognizance before the Inferior Court of that county, upon the minutes of said Court, with Jordan Davis as his security, in the usual form, for his appearance, &c. At the time this recognizance was entered into, Jordan Davis was the legal owner and in possession of the lot of land lev-

ied upon, situated in Marion county. That afterwards, and before the forfeiture of the recognizance, said Jordan sold and conveyed said land to Joseph Carswell, the claimant, who was in possession at the time of the levy. Afterwards, said recognizance was forfeited agreeably to law, judgment duly signed, and a *fi. fa.* issued and levied upon said land, in the possession of claimant.

Upon this statement of facts, Judge Worrill charged the jury, that the recognizance was not a lien on the land from its date, but only from the time of its forfeiture, and that they must find for claimant. ·

The jury found accordingly, and plaintiff in *fi. fa.* excepted to said charge, and assigns the same as error.

John Peabody, for plaintiff in error.

Blandford & Crawford, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

Does a recognizance to appear to answer a criminal accusation, bind the lands of the cognizor, from its date? The Court below held that it did not, but bound them only from its forfeiture.

The eighteenth section of the statute of frauds, is not to be found in Schley's digest, or in any work that is within my reach. In an abridgment of English statutes, "printed by his Majesty's Printers and by the assigns of Edward Sayer, Esq.," in London, 1720, the section is given in these words: "The day of the month and year of the enrolment of recognizances, shall be set down in the margin of the Roll; and no recognizances shall bind lands in the hands of Purchasers *bona fide,* and for valuable consideration, but from the time of such enrolment." *No recognizance,* is a universal expression, and must therefore, include recognizances to the King, as well as, those to private persons.

But it is said, for the plaintiff in error, that this section does

not extend to recognizances made to the King.   We are not satisfied that this is so, and, therefore, are not satisfied, that even the *English* law at the time when it was adopted by Georgia, was such that it made a recognizance like the one in question, bind lands as against purchasers, unless it was enrolled.

But, be that as it may, we think, that the law of Georgia, as that law stands at present, is not such as to have this effect; at least in regard to recognizances of this kind.   The Act of 1810, " to point out" a " rule for the priority of judgments," declares, " that all the property belonging to defendant or defendants, shall be bound and subject to the discharge of the first judgment or judgments."   *Cobb Dig.* 495.

The Act of 1831, to make uniform the proceedings against bail in criminal cases, says, that, " if no sufficient cause shall be shown to the contrary, judgment shall be entered up by motion, against the principal and security."

This Act, then requires, that a *judgment* shall be entered up on the recognizance.   Suppose that when this judgment is so entered up, there exists some older judgment against the cognizor, will not that judgment under the Act of 1810, have the precedence over the judgment on the recognizance?   We think that it will.   But if so, it must be, because the recognizance does not take lien from its date, but only from the date of the judgment on it.

The twenty-sixth section of the judiciary Act of 1799, also, declares, that, " all the property" of the defendant, " shall be bound from the signing of the first judgment."   *Cobb's Dig.* 1139.

The twenty-fifth section had declared, that " all bonds and other specialties, and promissory notes, and other liquidated demands, bearing date," &c., should " be of equal dignity, and be negotiable by endorsement," &c.

This makes a promissory note and a recognizance, of the same dignity.   One of the chief elements of dignity, is precedence—superior lien.   Therefore, a recognizance cannot

have precedence—superior lien—over a promissory note. But a promissory note does not have any lien, until reduced to judgment. Must not the same be true, of a recognizance?

Again, the twenty-seventh section contains these words: "no confession of judgment shall hereafter be entered up, but in the county where the defendant or defendants may reside, or unless the cause hath been regularly sued out, and docketed in the usual way, as in other cases, nor until such cause be called in order by the Court for trial." This means, doubtless, that no *judgment* shall be entered up, on a confession of the cause of action, but in the county, &c. Why, because the lien was to start with the *judgment*, not, with the confession.

Now a confession of the debt sued for, in open Court, is in reality nothing but a *recognizance*. It is an *acknowledgment* of the debt, and if it, by itself, before judgment entered on it, has no lien, why should any other recognizance fare better?

Taking all these acts together, we think, we may say, that it was the intention of the legislature, that recognizances, and other things of like character, were to stand on the footing of promissory notes, and other ordinary debts, in respect to lien, and therefore, that they were not to bind property of any sort until reduced to judgment.

With this view other important acts harmonize; as the Act of 1792, prescribing the order of payment of the debts of an intestate. One class of debts made by that Act, is denominated, "bonds or other obligations." The word, "obligations," must include equally, promissory notes and recognizances, for there is no other class mentioned that can so well include either.

Upon the whole, we think, that recognizances of this sort, do not bind land or other property, until reduced to judgment, and therefore, we affirm the decision of the Court below.

Judgment affirmed.